**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENT EASLEY, | ) |
|       Petitioner, | ) |
| v. | ) No. 1:09-cv-894-LJM-DML |
| SUPERINTENDENT, New Castle Correctional Facility, | ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Kent Easley, the court concludes that Easley's petition for a writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1. Easley challenges his conviction for drug offenses based on his guilty plea entered in the Shelby Superior Court. He also alleges that his probation was improperly revoked.

2. The expanded record shows that Easley's conviction became final on January 26, 2001. Under applicable law, he had one year, through January 26, 2002, in which to file a federal petition for a writ of habeas corpus. The running of this time was tolled for any period during which a properly filed petition for post-conviction relief was pending. Such a petition was pending between March 23, 2001 and September 1, 2004. Adjusting the statute of limitations for the tolling period, therefore, Easley had through July 7, 2005, in which to file his federal petition for a writ of habeas corpus. He did not do so, waiting instead until July 17, 2009, in which to sign his petition. This interval exceeded by more than four years the filing deadline for his habeas petition. Post-conviction activity in the trial court after the July 7, 2005, deadline is not relevant to the computation. Easley's petition in this action was therefore not timely filed insofar as he challenges his conviction.

3. Insofar as Easley challenges the revocation of his probation, the expanded record shows that he committed procedural default with respect to such claim by not seeking transfer to the Indiana Supreme Court. He has not suggested the existence of circumstances permitting him to overcome the consequences of his default.

4. Based on the foregoing, Easley's petition for a writ of habeas corpus must be denied and this action dismissed without the court reaching the merits of his claims. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**

Date: 01/21/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana
